[Civ. No. 9496. Second Appellate District, Division Two.—April 13, 1935.]

THELMA FAIR, Appellant, v. CHARLES ASCHEN-BRENNER et al., Defendants; DODWELL & COMPANY, LTD., et al., Respondents.

Paul Blackwood and Bingham Gray for Appellant.

Paul Nourse for Respondents.

CRAIL, J.—This appeal is from an order granting a new trial to defendants Dodwell & Company, Ltd., and P. S. Newcomb, after a verdict for the plaintiff (appellant). The order granting a new trial was made upon the ground of insufficiency of the evidence.

The plaintiff says, ''The sole question presented is fairly stated on the first page of this brief'' as follows: ''Where the facts are undisputed that plaintiff who was proceeding across an intersection at a crosswalk where she had the right of way under the Motor Vehicle Act, and was struck in succession by the cars driven by defendants, into the crosswalk, in violation of plaintiff's statutory right of way, is the trial court justified in granting a new trial to the defendant whose car was the second to strike plaintiff, on the theory that the negligence of the driver of the first car was the sole, proximate cause of the accident?''

The defendants who are respondents contend, however (and there is some substantial evidence tending to support their claim), that the plaintiff was a pedestrian crossing Sunset Boulevard from south to north in a marked crosswalk of an intersection; that the defendants Helen Aschenbrenner and P. S. Newcomb were driving their respective cars west on Sunset Boulevard; that the Aschenbrenner car was near the center of the street and was to the rear of but going much faster than the Newcomb car which was over near the right-hand curb; that when defendant Newcomb first saw plaintiff she was standing still in the marked crosswalk a little south of the center of the boulevard and she was approximately at the same place when he went through the pedestrian zone; that plaintiff was struck by the right front fender of the Aschenbrenner car which was going at a high speed, and was thrown some 20 or 30 feet through the air and struck the rear of the Newcomb car on the left-hand side, after it had entirely cleared the crosswalk.

It is thus apparent that the facts are *not undisputed*. Plaintiff claims that the Newcomb car struck the plaintiff, whereas the said defendants claim that the plaintiff struck the Newcomb car, and that this occurred after the Newcomb car was entirely clear of the crosswalk. It may well be that the trial court believed that the plaintiff received all

her injuries from the terrific impact with the Aschenbrenner car, or it may be that the trial court believed that the defendants' car was no more a contributing cause of the plaintiff's injuries than the inanimate pavement, or it may be that it believed that the defendant Newcomb had in no way interfered with the plaintiff's right of way to the crosswalk and was not guilty of negligence *per se.*

When the.trial court is dissatisfied with the verdict and is convinced that it is clearly against the weight of the evidence or that the evidence preponderates against said decision, it is its province and duty to set the verdict aside and grant a new trial on that ground, notwithstanding there is a substantial conflict in the evidence. (See cases cited in 20 Cal. Jur. 114.) "The exercise of its discretion [in this regard] is not error of law which may be disturbed upon appeal except in extreme cases as where an abuse of discretion appears or where it is apparent that the lower court proceeded upon an erroneous hypothesis." (Idem.) We see no merit in appellant's contention.

Order affirmed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.